# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

BOBBY RAY LONG, )
                Plaintiff, )
   vs. ) No. 1:12-cv-569-JMS-DML
)
GREG BALLARD, et al., )
                Defendants. )

**Entry Discussing Selected Matters**

**I.**

**A.**

Requests for a temporary restraining order ("TRO") are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc. (NRDC),* 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren,* 128 S. Ct. 2207, 2218-19 (2008)).

In addition, a plaintiff seeking issuance of a TRO without notice to the defendant must satisfy two further requirements: (1) "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition,"* and (2) the applicant's attorney must certify in writing the reasons why notice should not be required. Fed.R.Civ.P. 65(b)(1) (emphasis added). There are very few circumstances justifying the issuance of an *ex parte* TRO. *Granny Goose Foods, Inc. v. Bhd. of Teamsters,* 415 U.S. 423, 438-39 (1974)("The stringent restrictions imposed . . . by Rule 65[ ] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard

has been granted both sides of a dispute.") (footnote omitted). Such circumstances include "a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Amer. Can Co. v. Mansukhani,* 742 F.2d 314, 322 (7th Cir. 1984).

Although the plaintiff does not frame his application for a TRO as an *ex parte* one, the court treats it as such because there is no evidence of written or oral notice to the adverse parties. There is no evidence of service on defendants and no declaration regarding oral notice.

As an *ex parte* application, the plaintiff fails to satisfy Rules 65(b)(1). Plaintiff fails to set forth specific facts in an affidavit or a verified complaint clearly showing that immediate and irreparable loss would result before the defendants could be heard in opposition. *See* Fed.R.Civ.P. 65(b)(1)(A). The plaintiff, neither with or without counsel, has failed to certify in writing any efforts to give notice to the defendants. *See* Fed.R.Civ.P. 65(b)(1)(B). The plaintiff has also not demonstrated that notice is impossible or would render further prosecution of the action fruitless, as is required for an *ex parte* TRO. *Reno Air Racing,* 452 F.3d at 1131.

Because the plaintiff has not satisfied Rule 65(b)(1), the motion for a temporary restraining order [7] is **denied**.

**B.**

The plaintiff's motion for a preliminary injunction [7] remains pending. Under Rule 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed.R.Civ.P. 65(a)(1). This will necessarily entail service of process on the defendant(s), including service of the complaint and of the motion for preliminary injunction.

**II.**

Once the defendants have appeared in the action and have filed an answer to the complaint, or sooner if circumstances warrant, the parties are directed to meet with the assigned Magistrate Judge to determine deadlines for discovery, briefing, and other details with regard to the pending motion for preliminary injunction.

**IT IS SO ORDERED.**

Date: 06/04/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Bobby Ray Long
842 North Dequincy Street
Indianapolis, IN 46201